UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REX L. CRITZER and
DEBORAH R. CRITZER,

       Plaintiffs,           CASE NUMBER: 06-10632
                                         HONORABLE VICTORIA A. ROBERTS

v.

JACK S. WAY,
       Defendant.
_____/

**I.    INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Attorney Fees, pursuant to FED. R. CIV. P. 54. For the reasons stated below, the Court **GRANTS** the motion.

**II.    BACKGROUND**

Here, Plaintiffs were awarded a default judgment after Defendant failed to answer the complaint, which alleged breach of contract, fraud, and misrepresentation regarding four promissory notes. On July 18, 2006, the Court granted Plaintiffs' motion for default judgment in the amount of $104,823.00 plus costs. Defendant did not file objections to the amount of fees and costs requested by Plaintiffs. The entire case consisted of five filings by Plaintiffs - the complaint, a response to an order to show cause, request for clerk's entry of default, a motion for default judgment, and this motion for attorney fees.

**III.    STANDARD OF REVIEW**

"The party seeking attorneys fees bears the burden of documenting his

1

entitlement to the award." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). "The fee applicant should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

**IV.   ANALYSIS**

Rule 54 of the Federal Rules of Civil Procedure governs the award of attorney fees and costs in this action. It provides: "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." FED. R. CIV. P. 54(d)(2)(A). "The language of Rule 54(d) 'creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court.'" *Baker v. First Tennessee Bank Nat'l Ass'n*, 142 F.3d 431, 432 (6th Cir. 1998)(citing *White &White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

Because this is a breach of contract case, Michigan law applies. Under Michigan law, contractual provisions to pay reasonable attorney's fees in the event of a breach are valid. *See Sentry Ins. v. Lardner Elevator Co.*, 153 Mich.App. 317, 326 (1986). It is up to the prevailing party to introduce evidence regarding the reasonableness of such fees. *See Matter of Howarth's Estate*, 108 Mich.App. 8, 12 (1981). Michigan Courts do not have a precise formula to determine whether the fees are reasonable. Courts consider factors such as: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. *Schellenberg v. Rochester*

*Michigan Lodge No. 2225*, 228 Mich.App. 20, 45 (1992).  A court, however, is not limited to these factors and may exercise its discretion in the amount of fees awarded.  *Id.* at 45-46.

Plaintiffs seek to recover attorney fees in the amount of $2,379.30 and $250.00 in court costs.  The promissory notes each stated that "in case suit or action is instituted to collect this note, or any portion hereof, borrower promises to pay such additional sum, as a Court may adjudge reasonable, for attorney's fees in said proceedings."  In their Affidavit of Services Rendered, Plaintiffs provided a list of services completed by their counsel.[1]  The attorney fee is based on Plaintiff's counsel hourly rate of $210.00 for 11.33 hours.  Plaintiffs assert that the fee is reasonable in light of the 27 years of experience of counsel, the amount of time required, and the amount at issue.

However, the affidavit fails to itemize the hours worked.  Nor does it state that all the work was completed by Plaintiffs' counsel.  Even though the Court would have preferred an itemized billing statement, Michigan Courts have stated that an itemized attorney fee bill, in itself, is not sufficient to establish the reasonableness of a fee; nor are trial judges required to accept it on its face.  *See Perryman v. Haverhill Farms, Inc.*, 125 Mich.App. 30, 33 (1983).  The relevant inquiry is whether the requested amount is

---

[1] The Affidavit states the following services were rendered: (1) office consultation; (2) review all client documentation including Promissory Notes, communications with Defendant, etc; (3) read investigator's report - Jack S. Way; (4) research legal issues regarding venue and jurisdiction; (5) draft Complaint, telephone conference with client; (6) revise and prepare final draft of Complaint; (7) review private investigator's report and letter to client; (7) research and draft Default Entry and Default Judgment; (8) draft Brief in Support of Motion for Entry of Default Judgment; (9) draft Affidavit in Support of Default Entry; (9) draft Affidavit in Support of Default Judgment; (10) telephone conference with Clerk of the Court; and (11) research local court rules.

reasonable in light of the aforementioned factors.

Plaintiffs' counsel has 27 years of legal experience. Even without an itemized statement, it appears that he spent an hour or less on each service listed. The Court finds this to be quite economical for the nature of the motions drafted and research conducted. Moreover, his hourly rate is reasonable for an attorney with over 20 years of experience.

The Court finds that Plaintiffs' request for attorney fees and costs paid to the clerk is reasonable and awards $2,629.30.

## V.  CONCLUSION

Plaintiff's motion is **GRANTED**.

**IT IS SO ORDERED**.

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated:  February 26, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 26, 2007.

s/Linda Vertriest
Deputy Clerk

---